HORACE MORLOCK, BY NEXT FRIEND, ET AL., PLAIN-
TIFFS, v. FANNY AND CARL KOHN, DEFENDANTS.

Submitted October 12, 1928—Decided April 11, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justice PARKER.

For the plaintiffs, *Robert Newton Crane.*

For the defendants, *Samuel D. Williams.*

PER CURIAM.

Plaintiff, a youth of fifteen, was in the general employ of Harry Kohn, who kept a paint and supply store in Plainfield and in connection therewith operated a delivery motor car driven by his son, the defendant Carl Kohn. Fanny Kohn (Carl's mother and Harry's wife) is charged as either owning or interested in the business. The point is not important at this time, as the decision turns on other grounds. The suit arises out of an unusual accident connected with the said motor car. Carl was told to make a delivery in Somerville, and plaintiff rode with him on the car. On the way, the engine stalled, the car was pushed by hand to a service station, and several of the spark plugs were there removed, and according to plaintiff's testimony some gasoline was poured through the holes into the cylinders, plaintiff standing on the sidewalk and watching the operation. In some way this gasoline ignited and spouted out from the cylinders, some of it on the plaintiff, who was rather severely burned. He sued Carl as the party directly responsible, and Fanny on the

principle of *respondeat superior*. The testimony is in contradiction as to Carl's participation in the matter, but this we need not consider, as the responsibility of defendants for negligence was limited by the court to a preliminary finding by the jury that plaintiff had been invited to ride as a passenger in the car. On this issue the evidence for the defendant that he was not invited was positive, and is supported by the inherent probabilities of the case. There was work which plaintiff was to do at the shop; there was nothing for him to do at Somerville or on the way. We consider that the claim of invitation was not supported by adequate evidence, and so finding, the verdict must be set aside, as the case was submitted on invitation alone, there was no evidence whatever of willful injury, and no other theory of recovery was laid before the jury. A verdict cannot be sustained on a theory not submitted. *Bowlby* v. *Phillipsburg*, 83 *N. J. L.* 377. See *Boesch* v. *Kick*, 97 *Id.* 93; *Boniewsky* v. *Polish Home*, 102 *Id.* 242.

The rule to show cause will be made absolute.